The answer of Joseph Seabrook, executor of Robert Seabrook, to the bill of complaint of John Stanyarn and Mary his wife, late widow of Robert Seabrook, deceased; admits that a deed poll under hand and seal of said Robert, gave his then wife Mary, her heirs and assigns forever, certain household goods, money, plate, jewels, rings, utensils, brass, bedding, pewter and tools, land and slaves, as in the bill is recited, but the deed of gift was void in law and equity, being from husband to wife, whereas it ought to have been made to other persons in trust for her; admits that Robert on September 22, 1720, made his will and bequeathed his then wife Mary certain slaves and a plantation of 372 acres on Wadmalaw, with stock of horses, mares, sheep, and hogs thereon, and one half of all his stock on Sea-brook’s Island; admits that said Robert did declare his said deed of gift to be effectual in law and equity, but Robert’s declaration in no ways confirms the same, so that whatever Mary now claims must be by virtue of bequests in the will and not by the said deed; admits that Robert by his will bequeathed to the defendant the other half of the stock, and the six negro and Indian slaves under such provisions and restrictions as in the bill is set forth; admits that after Landgrave Joseph Morton refused to act as joint executor, the defendant proved the will and took upon himself alone the execution, and possessed himself of Seabroolc’s Island and one half part of the stock, and Mary kept thirty head of said cattle, for which the *322 defendant hopes the complainant will by order of this court be compelled to make him ample satisfaction, etc.
(Bundle 1721-1735)]
At A Court of Chancery held at the Council Chamber in Charles Town the 25th of November 1725 in the Twelfth Year of his Majesties Reign.
Present The Honourable Arthur Middleton Esq. President, Alexander Skene, Benjamin Schenckingh, Charles Hart, William Bull, Benjamin DeLa-Conseillere, James Kinloch, Esquires of his Majesties Honourable Council for Executing the Office of Chancellour.
The Petition of Richard Baker read praying an Injunction, the Judgment at Comon Law read Clause of the Act of Assembly read, relating to Injunctions Mr. Hamilton Council for the Petitioner Mr. Hume, Mr. Whitaker and Mr. Ellery against the Petitioner. A Receipt of Mr. Moores for a Bond read.
Upon hearing the Council on both sides It is Ordered by the Court that the remaining part of the money recovered by the Judgment at Common Law be Deposited in the hands of this Court before any Injunction Issues and Tuesday next is by the Court appointed the day for the payment of the said money into Court and all proceedings upon the said Judgment are in the Mean time Ordered to be staid.
Intr.
J. Skene Register